UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NAKIESHA JONES,                                              **DECISION**
                              Plaintiff,                        **and**
        v.                                                   **ORDER**

J.C. PENNEY'S DEPARTMENT STORES, INC.,          03-CV-920A(F)
NICHOLAS GOODWIN, PAUL MEERBOTH,
SCOTT PIEL and JANE DOE,

                              Defendants.


APPEARANCES:          DEWEY P. SLOAN, JR., ESQ.
                      Attorney for Plaintiff
                      14 First Avenue SW
                      P.O. Box 501
                      Le Mars, Iowa   51031-0501

                      RICHARD L. BAUMGARTEN, ESQ.
                      Attorney for Plaintiff
                      Box 242
                      Buffalo, New York    14201

                      FELDMAN, KIEFFER & HERMAN, LLP
                      Attorneys for Defendants J.C. Penney's,
                        Goodwin & Meerboth
                      MICHELE K. SNYDER, of Counsel
                      110 Pearl Street, Suite 400
                      Buffalo, New York    14202

                      FREDERICK A. WOLF
                      ERIE COUNTY ATTORNEY
                      Attorney for Defendants Piel and Doe
                      KRISTIN KLEIN WHEATON,
                        Assistant Erie County Attorney
                      69 Delaware Avenue, Suite 300
                      Buffalo, New York    14202


        By papers filed December 15, 2004, Plaintiff moves to compel (1) depositions of

Defendants Goodwin and Meerboth, (2) production of a surveillance video, (3)

production of Defendants Goodwin's and Meerboth's employment personnel files, or a

judicial subpoena for production of such files, (4) production of Defendant Piel's

employment personnel file, (5) amendment of the Scheduling Order to extend the time

periods for discovery and motions to compel, and (6) sanctions, including attorneys fees

and costs of Plaintiff's motion (Doc. No. 53).  In support, Plaintiff filed the Affirmation of

Richard L. Baumgarten, Esq., dated December 14, 2004 (Doc. No. 53) ("Baumgarten

Affirmation").

On December 20, 2004, Defendants J.C. Penney, Goodwin and Meerboth filed,

in opposition to Plaintiff's motion, the affidavit of Michele K. Snyder, Esq., dated

December 20, 2004 (Doc. No. 56) ("Snyder Affidavit"), and the affidavit of Darlene

Leydecker, manager of the J.C. Penney store at which the underlying events took

place, dated December 20, 2004 ("Leydecker Affidavit") along with an exhibit ("Exhibit A

to Leydecker Affidavit"); on December 22, 2004, Defendant Scott Piel filed the affidavit

of Kristin Klein Wheaton, Assistant Erie County Attorney, dated December 22, 2004, in

opposition to Plaintiff's motion (Doc. No. 60) ("Klein Wheaton Affidavit").

In his affirmation, Mr. Baumgarten argues that because Defendants J.C. Penney,

Goodwin and Meerboth ("J.C. Penney Defendants") failed to timely provide

authorizations for employment records for Defendants Goodwin and Meerboth, Plaintiff

was deprived of an opportunity to depose Goodwin and Meerboth concerning any

relevant information that may have been in their respective employment files.

Baumgarten Affirmation ¶ 13.  Specifically, Plaintiff contends that because Plaintiff's

request for authorizations for the files, which were served by Plaintiff on June 19, 2004,

*id.* ¶ 5, were not provided by J.C. Penney Defendants until December 14, 2004, *id.* ¶

2

22, Plaintiff could not have conducted the depositions of Goodwin and Meerboth, scheduled, by agreement of the parties, for September 30, 2004, *id.* ¶ ¶ 20-21, the same day the court had directed for Plaintiff's deposition pursuant to the court's order granting Defendants' motion to compel Plaintiff's deposition (Doc. No. 25).  September 30, 2004 was also the date established by the Scheduling Order for close of discovery. (Doc. No. 13).

Plaintiff also asserts Defendant Piel failed to timely respond to Plaintiff's request for his employment file as an Erie County Deputy Sheriff.[1]  Baumgarten Affirmation ¶ 25.  Plaintiff further contends the J.C. Penney Defendants failed to produce for Plaintiff's inspection, the original copy of the store surveillance tape relevant to Plaintiff's arrest for shoplifting.  Baumgarten Affirmation ¶ 24.

Based on these failures to provide requested discovery, which Plaintiff asserts constitutes a fraud on Plaintiff and the court, Baumgarten Affirmation ¶ 28, Plaintiff seeks production by Defendants of all documents responsive to Plaintiff's document requests and complete answers to Plaintiff's interrogatories, a modification of the Scheduling Order to enlarge the time for filing motions to compel, and within which to conduct the depositions of Goodwin and Meerboth.

First, as to Goodwin and Meerboth's employment records, as Defendants have no objection to their production, Snyder Affidavit ¶ 18, Plaintiff's motion is DISMISSED as moot.  Similarly, based on the averments in the Snyder Affidavit ¶ ¶ 19-26, Defendants have made the requested video tape available at Ms. Snyder's office for

---

[1]  It was in this capacity that Piel allegedly participated in the violation of Plaintiff's civil rights.

3

Plaintiff's inspection and were willing to cooperate in a secure reproduction at Plaintiff's expense.  However, according to Defendants, denied by Plaintiff, Plaintiff has failed to avail herself of this offer.  *Id.* ¶ 26.  Regardless of Plaintiff's position, Defendants' willingness to provide access to the video renders Plaintiff's motion as to this request moot.  Accordingly, as to this issue, the motion is DISMISSED as moot.

In regard to Plaintiff's motion to compel access to Defendant Piel's employment file, Defendant argues that Plaintiff's original request sought only an "authorization" for Defendants "employment and school records."  Klein Wheaton Affidavit ¶ 6; Snyder Affidavit, Exhibit A at 4.  However, according to Defendant Piel, Plaintiff did not request Piel's personnel file.  *Id.*  Later, one day before the Scheduling Order's deadline, October 8, 2004, for filing motions to compel, Plaintiff wrote to Defendant Piel's attorney requesting copies of any disciplinary charges against Piel and dispositions.  Klein Wheaton Affidavit ¶ 8.  However, Plaintiff now moves, over two months after the deadline for filing such motions had passed, to compel such records and for modification of the Scheduling Order.  Defendant Piel contends that Plaintiff's motions be denied based on Plaintiff's failure to move within the period provided by the Scheduling Order, *i.e.*, October 8, 2004, and that Plaintiff has also failed to show good cause for any amendment of the Scheduling Order as required by Fed.R.Civ.P. 16(b). Klein Wheaton Affidavit ¶ ¶ 11-12.

It is fundamental and well established that where a party seeks amendment of a case management order entered by the court pursuant to Rule 16(b) that the party show good cause for the proposed amendment.  *Carnrite v. Granada Hospital Group, Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997).  For purposes of Rule 16(b) "good cause"

4

requires that a party seeking relief from a scheduling order as in this case establish that scheduling deadlines cannot be reasonably met despite a party's diligence. *Id.* (citing authorities). Attorney inadvertence or mistake is not good cause. *Id.* at 448 (citing cases). Here, although Plaintiff claims that Defendants' attorneys acted fraudulently by failing to more promptly provide the requested authorizations needed to obtain Goodwin, Meerboth or Piel's employment, personnel or disciplinary records, Plaintiff fails to demonstrate how such alleged fraud prevented her from timely filing a motion to compel prior to the October 8, 2003 cut-off established by the Scheduling Order.

Nor does Plaintiff otherwise attempt to explain why it was not reasonably possible prior to the cut-off date to file such motions, following Plaintiff's request for the authorizations on June 19, 2004, despite the diligence of Plaintiff's counsel. The court notes that Plaintiff's counsel was able to file, on October 1, 2004, prior to the October 8th motion to compel cut-off, a motion to amend the Scheduling Order which motion was denied by the court on the ground that an attorney's other case obligations is not good cause on November 18, 2004 (Doc. No. 45). *See Fleming v. Deaconess Hospital*, 2004 WL *3 (W.D.N.Y. Sep't 9, 2004) (attorney's busy schedule no excuse for failing to comply with case management order and discovery obligations and imposing $500 penalty). No objections from that order were filed with the district judge by Plaintiff. Why Plaintiff could not with reasonable diligence also have moved by October 8, 2004, to compel any requested discovery, particularly the authorization for Piel's employment file, that Defendants allegedly had failed to timely provide as of such date is not explained. As Plaintiff has not shown any good cause for the requested modification, Plaintiff's motion to the amend the Scheduling Order is DENIED.

5

Plaintiff also requests that the court direct Defendants Goodwin and Meerboth appear for depositions to be scheduled by the court. Baumgarten Affirmation ¶ 29. However, as noted, discovery in this case closed on September 30, 2004.[2] Additionally, this court has previously ruled that by failing to depose Goodwin and Meerboth on September 30, 2004, when they appeared for their deposition pursuant to Plaintiff's notice, Plaintiff waived her right under Rule 30 to do so without good cause. Order, filed November 18, 2004 (Doc. No. 45) (Plaintiff's request to amend Scheduling Order to encompass late depositions of Defendants Goodwin and Meerboth because of Plaintiff's attorney's busy schedule denied); Order filed December 16, 2004 (Doc. No. 52) (clarifying the court's order of November 18, 2004 was limited to a further deposition of Defendant Piel as Defendants and Plaintiff had agreed). No appeal from these orders were taken by Plaintiff and, accordingly, they are the law of the case. Significantly, Plaintiff, until oral argument on Defendants' motion to compel Plaintiff's deposition, conducted September 20, 2004, made no effort to schedule Goodwin's or Meerboth's deposition despite Defendants' willingness to cooperate in such scheduling, Order of December 16, 2004 (Doc. No. 52). Nor did Mr. Baumgarten himself conduct the rescheduled deposition of Defendant Piel on December 15, 2004. Snyder Affidavit ¶ 7.

In short, the court is unable to discern any reason within Plaintiff's moving papers that justify the relief requested by Plaintiff, particularly amendment of the Scheduling

---

[2] The parties agreement to conduct Defendant Piel's deposition on December 17, 2004 was not presented to the court for approval as required by Fed.R.Civ.P. 29 as by such stipulation the parties effectively modified the Scheduling Order, relative to the close of fact discovery, without court approval.

Order, directing the depositions of Goodwin and Meerboth, or any related document production, *i.e.*, Piel's personnel file or disciplinary records, or answers to outstanding interrogatories after the close of discovery.  As discussed, regarding Goodwin's and Meerboth's employment records and access to the original of the store surveillance video, the motion is moot.  Further, as the court finds the motion is untimely, there is no basis to grant sanctions against Defendants as Plaintiff requests.

However, the court nevertheless finds that Plaintiff's motion was not substantially justified both as untimely and without merit.  Accordingly, pursuant to Fed.R.Civ.P. 37(a)(4)(B) (authorizing sanctions against moving party where motion to compel not substantially justified), the court also GRANTS Defendants' request that Plaintiff pay Defendants' reasonable expenses, including attorneys fees, in opposing Plaintiff's motion.  There are no circumstances presented that would render making this award unjust.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 53) is DENIED, in part and DISMISSED, in part as moot.  The court further awards to Defendants the reasonable expenses of opposing Plaintiff's motion including attorneys fees.  Fed.R.Civ.P. 37(a)(4)(B) and (C).  Defendants shall file their respective affidavits of expenses within 10 days of service of this Decision and Order; Plaintiff shall file her response within 10 days of service of such affidavits.  Plaintiff and her attorneys, Dewey P. Sloan and Richard L. Baumgarten, shall also show cause, within the period for Plaintiff's response, why the Defendants' expenses awarded by the court should not be paid entirely by

7

Plaintiff's attorneys, and not Plaintiff pursuant to Fed.R.Civ.P. 37(a)(4)(C).  *See*

*Hoffman v. United Parcel Service*, 206 F.R.D. 633, 656 (D.Kan. 2002) (fees should be

imposed on the person or entity responsible for the sanctionable conduct).

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: May 31, 2005
     Buffalo, New York