UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NAKEISHA JONES,

                              Plaintiff,

        v.

J.C. PENNEY'S DEPARTMENT STORES, INC.,
NICHOLAS A. GOODWIN, J.C. Penny's
 Employee,
PAUL MEERBOTH, J.C. Penny, Loss Prevention
 Officer,
SCOTT PIEL, Erie County Sheriff Officer,
JANE DOE, an unidentified female Erie County
 Sheriff Officer,

                              Defendants.

_____

**REPORT**
**and**
**RECOMMENDATION**

**03-CV-0920A(F)**

APPEARANCES:           DEWEY P. SLOAN, JR., ESQ.
                          Attorney for Plaintiff
                          14 First Avenue SW
                          P.O. Box 501
                          LeMars, Iowa  51031-0501

                          RICHARD L. BAUMGARTEN, ESQ.
                          Attorney for Plaintiff
                          Box 242
                          Buffalo, New York  14201

                          FELDMAN, KIEFFER & HERMAN LLP
                          Attorneys for J.C. Penney Defendants
                          MICHELE K. SNYDER, of Counsel
                          110 Pearl Street
                          Suite 400
                          Buffalo, New York  14202

                          FREDERICK A. WOLF
                          Erie County Attorney
                          Attorney for Defendant Piel
                          KRISTIN KLEIN WHEATON
                          Assistant Erie County Attorney, of Counsel
                          69 Delaware Avenue
                          Suite 300
                          Buffalo, New York  14202

## JURISDICTION

This action was referred to the undersigned by Honorable Richard J. Arcara on December 19, 2003 for all pretrial matters, including report and recommendation on dispositive motions.  The matter is presently before the court on Plaintiff's motion for a Temporary Restraining Order filed on March 3, 2005 (Doc. No. 66).

## BACKGROUND and FACTS

Plaintiff Nakeisha Jones ("Plaintiff") commenced this civil rights action seeking relief pursuant to 42 U.S.C. § 1983, in connection with Plaintiff's arrest on state shoplifting charges at Defendant J.C. Penney's store located in Clarence, New York. On March 3, 2005, Plaintiff moved pursuant to Fed.R.Civ.P. 65(b) for a temporary restraining order ("TRO"), restraining and enjoining Defendants' attorneys from communicating *ex parte* with the court in violation of Local Rules of Civil Procedure for the Western District of New York 7.1(d) and the ABA Code of Professional Responsibility, DR 7-110 and EC 7-35.  Attached to and in support of the motion are the Affirmation of Richard L. Baumgarten, Esq. ("Baumgarten Affirmation"), Exhibits A through F, and the "Memorandum of Law in Support of Motion for Temporary Restraining Order " ("Plaintiff's Memorandum").

Plaintiff objects to several letters and telephone calls made by Defendants' attorneys to the undersigned, without the prior knowledge and consent of Plaintiff's counsel, Mr. Baumgarten.  Plaintiff submits as evidence of the alleged improper *ex parte* communications (1) a letter from Assistant Erie County Attorney Kristin Klein Wheaton to the undersigned, dated September 29, 2004 (Plaintiff's Exhibit B), seeking

2

the court's intervention as to Baumgarten's refusal to produce, without a written court

order, Plaintiff's attorney, Glenn Murray's criminal file pertaining to Plaintiff's arrest; (2)

a letter from Michele K. Snyder, Esq. to the undersigned, dated December 3, 2004

(Plaintiff's Exhibit C), seeking clarification as to the court's November 18, 2004 order

(Doc. No. 45), denying Plaintiff's motion to extend the scheduling order; (3) a portion of

Plaintiff's September 30, 2004 deposition testimony in which Ms. Snyder refers to a

telephone call placed by Ms. Snyder to the court on September 29, 2004 regarding Mr.

Baumgarten's insistence that a written court order was needed before Mr. Baumgarten

could produce Mr. Murray's criminal file pertaining to Plaintiff's criminal arrest on the

shoplifting charges (Plaintiff's Exhibit D); (4) an affidavit made by Ms. Snyder on

December 20, 2004 opposing Plaintiff's motion seeking the undersigned's recusal in

this action, in which Snyder refers to a message left by the court on Mr. Baumgarten's

telephone answering machine on December 6, 2004, acknowledging receipt of

Snyder's letter of December 3, 2004 (Plaintiff's Exhibit E); and (5) the undersigned's

order dated December 16, 2004, responding to Ms. Snyder's December 3, 2004 letter

(Plaintiff's Exhibit F).

As the court finds Plaintiff's motion for a TRO is frivolous, responding papers and

oral argument were deemed unnecessary, and the motion should be dismissed *sua*

*sponte*.


## DISCUSSION

Absent some supporting basis, a motion for injunctive relief, including a

temporary restraining order, may be dismissed *sua sponte*.  *Warrior v. Malak*, 1989 WL

3

53024, *1 (W.D.N.Y. 1989) (dismissing, *sua sponte*, plaintiff's request for injunctive relief where court did not have jurisdiction over action).  *See also Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding district court may dismiss frivolous complaint *sua sponte*).  In the instant case, Plaintiff's motion for a TRO is based on letters and telephone calls between Defendants' attorneys and the court pertaining to procedural aspects of the case, rather than the merits of any claim before the court.

As Defense counsel copied Plaintiff's attorney on all letters to the undersigned, such letters are not *ex parte* communications to the court.  *Ocasio v. Fashion Institute of Technology*, 86 F.Supp.2d 371, 375 (S.D.N.Y. 2000), *aff'd*, 9 Fed. Appx. 66, 68 (2d Cir. 2001) ("the instances of alleged *ex parte* contact between the court and the defendants took the entirely appropriate form of letters from counsel to the court, with copies to [the opposing party]").  Nor did the telephone calls Defense counsel placed to chambers seeking procedural information as to the court's availability to resolve on-going discovery disputes constitute improper *ex parte* communication.  *Brady v. Marks*, 7 F.Supp.2d 247, 255 (W.D.N.Y. 1998) (telephone call made by attorney representing state court judge, in civil rights and malicious prosecution action  brought against judge, and federal district court judge, in which district court judge informed attorney that defendant state court judge was not required to file response to civil rights complaint because plaintiff had been ordered to show cause why complaint should not be dismissed for failure to state a claim, did not constitute improper *ex parte* communication on merits of the case).

Likewise, here, none of the communications between Defendants' attorneys and

4

the undersigned on which Plaintiff bases her request for a TRO constitutes improper *ex parte* communication.  Plaintiff's counsel was copied on all letters to the court, and Ms. Snyder's September 29, 2004 telephone call pertained to a procedural matter, rather than the merits of the case.

Further, it is fundamental that equitable relief pursuant to Fed.R.Civ.P. 65(b) requires a complaint alleging a federally cognizable claim against the party over whom the court has personal jurisdiction and against whom equitable relief is sought.  *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 111-12 (1969) (holding a district court must have personal jurisdiction over a party before it can enjoin its actions pursuant to Fed.R.Civ.P. 65); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999) (holding portions of injunction issued by federal district court pursuant to Rule 65 enjoining certain nonparties from pursuing claims in state court action brought against defendant party who was also the plaintiff in the federal action exceeded the scope of district court's authority as such nonparties were not subject to the court's personal jurisdiction); *DeMaria v. Jones*, 416 F.Supp. 291, 297-98 (S.D.N.Y.1976) (holding federal court could not order any injunctive relief pursuant to Rule 65  based on alleged breach of plaintiff's federal statutory and constitutional rights in pending underlying state criminal action until such state action concluded).

Here, based on the only relevant complaint in this action, Plaintiff's claim is directed against the named Defendants, not their attorneys.  Thus, there is no predicate action against Defendants' attorneys.  *Zenith Radio Corp., supra*; *Doctor's Association Inc., supra*.  Moreover, the Code of Professional Responsibility ("Code") which the instant motion seeks to enforce is directed to attorneys admitted to practice, not their

respective clients, and does not provide a basis for a private right of action.  *See Daniel v. Safir*, 135 F.Supp.2d 367, 377 (E.D.N.Y. 2001) (observing that no private right of action exists under the New York Code of Professional Responsibility and citing *Kantor v. Bernstein*, 640 N.Y.S.2d 40, 42 (App. Div. 1st Dep't 1996) ("there is no private right of action for a violation of the Code of Professional Responsibility")).  Specifically, the disciplinary rules of the Code are not enforceable by civil actions, *See United States v. Guerreiro*, 675 F.Supp. 1430, 1435 (S.D.N.Y. 1987) (declining to suppress evidence to sanction federal prosecutor for violation of New York Code of Professional Responsibility Disciplinary Rule as such matters are within the province of the local authorities and the "New York Bar has established a sophisticated system to review and discipline attorneys for violations of the Code of Professional Responsibility"); *Niesig v. Team I*, 558 N.E.2d 1030, 1032 (N.Y. 1990) (acknowledging that although the New York Code of Professional Responsibility, including its disciplinary rules, is "unquestionably important, and respected by the courts, the code does not have the force of law" and when a disciplinary rule is invoked in litigation, the court is "not constrained to read the rules literally or effectuate the intent of the drafters, but looks to the rules as guidelines to be applied with due regard for the broad range of interests at stake"); and *Cohen v. Lord, Day & Lord*, 550 N.E.2d 410, 417 (N.Y. 1989) (acknowledging that New York's Code of Professional Responsibility "is not to be elevated to the status of decisional or statutory law"), and Plaintiff fails to point to any authority that such a course of action exists under federal law.[1]  Rather, in New York

---

[1] Accordingly, absent either a federal claim or state recognized cause of action to which this court's supplemental subject matter jurisdiction could attach, the court lacks subject matter jurisdiction

state courts, enforcement of the Code is within the authority of the Appellate Division of

Supreme Court, N.Y. Court Rules § 603.1(c) (McKinney 2004) and in this court, upon

complaint, by the Chief Judge.  WDNY Local Rules of Civ. P. 83.3(a).

Even assuming *arguendo*, that a claim for relief supporting equitable relief were

pleaded and the court had personal jurisdiction over Defendants' attorneys, Rule 65

relief would be unavailable in that Plaintiff nowhere in her motion asserts that, without

the requested temporary restraining order, she will suffer irreparable harm, and that

there is a high likelihood Plaintiff's complaints of improper *ex parte* communications will

be eventually determined to have merit.  *Covino v. Patrissi*, 967 F.2d 73, 80 (2d Cir.

1992) (for TRO to issue, plaintiff required to demonstrate likelihood of success on the

merits or claims or sufficiently serious questions going to merits with balance of

hardships tipping in plaintiff's favor).  For example, if Plaintiff held a good faith belief

that Defendants' communications with the court, and any further similar

communications, were or could be harmful to her case, a simple request that the court

direct Defendants not communicate with the court except by formal pleading or motion

could reasonably have avoided any conceivable justification for the instant motion.

Additionally, established caselaw demonstrates there is no likelihood that Plaintiff's

basis for relief has any merit.  *See Ocasio, supra*, (rejecting the notion that letter to a

court where opposing attorneys are copied constitute *ex parte* communications); *Brady,*

*supra* (rejecting argument similar to Plaintiff's that telephonic communications to a court

regarding questions of procedure according to applicable rules of procedure were

---

over Plaintiff's motion.

improper *ex parte* communications).  Finally, Plaintiff fails to allege as a matter of law of

fact that the cited communications caused any prejudice to the merits of her claims as

pleaded in the Complaint.  Thus, regardless of how Plaintiff's motion seeking equitable

relief against Defendants and Defendants' attorneys is viewed, it lacks any colorable

basis and is therefore frivolous on its face.

      As discussed, there is no colorable basis for Plaintiff's motion and the motion is

wholly lacking the prerequisites to a request pursuant to Fed.R.Civ.P. 65.  The court

therefore concludes that Mr. Baumgarten, acting as Plaintiff's attorney, filed the instant

motion without a good faith belief in its merits and thus has violated 28 U.S.C. § 1927

which authorizes the court to hold attorneys who "unreasonably and vexatiously"

"multiply proceedings," personally responsible for any extra costs, including attorneys

fees, resulting from such unnecessary litigation.  *See In re East 80th Street Equities,*

*Inc.*, 218 F.3d 109, 115 (2d Cir. 2000) (attorney who made baseless accusation against

court and opposing counsel held liable for extra costs of appeal grounded upon such

accusations).

      For purposes of § 1927, the court may infer bad faith "where the action is

completely without merit."  *Id.* at 116 (citing *United States v. Int'l Bhd. of Teamsters*, 948

F.2d 1338, 1345 (2d Cir. 1991).  Similar to the facts in *In re East 80th Street Equities,*

*Inc., supra*, the court finds Plaintiff's motion "without 'support in logic or the law,'" *id.* at

116, and one that without any justification accused a judicial officer of this court and two

members of its bar with "civil misconduct." *Id.*[2]   Therefore, this court should issue an

order to show cause why Mr. Baumgarten should not be found in violation of 28 U.S.C.

§ 1927 and sanctioned accordingly.

Accordingly, Plaintiff's motion for a TRO enjoining further *ex parte*

communication between Defendants' attorneys and the court is without any supporting

basis and, thus, should be dismissed *sua sponte*.  *Warrior*, *supra*, at *1.

## CONCLUSION

Plaintiff's motion for a temporary restraining order (Doc. No. 66) should be

DISMISSED *sua sponte*, and an order should be issued by the District Judge directing

Mr. Baumgarten to show cause why he should not be found in violation of 28 U.S.C. §

1927 and sanctioned accordingly.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      May 31, 2005
            Buffalo, New York

_____

[2]   On February 14, 2005, Plaintiff filed a second complaint with the Second Circuit Judicial Council against the undersigned alleging violations of the Code of Judicial Ethics for Federal Judges based on several of the asserted *ex parte* communications relied on by Plaintiff in this matter.  Decision and Order filed May 31, 2005 (Doc. No. 74) at 14 n. 13.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**

*Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      May 31, 2005
            Buffalo, New York