UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| NAKIESHA JONES, | |
|                      Plaintiff, | **CERTIFICATION** |
|     v. | **OF CIVIL CONTEMPT** |
| | **PURSUANT TO** |
| | **28 U.S.C. § 636(e)(6)(B)(iii)** |
| J.C. PENNEY'S DEPARTMENT STORES, INC., | |
| NICHOLAS GOODWIN, PAUL MEERBOTH, | 03-CV-920A(F) |
| SCOTT PIEL and JANE DOE, | |
|                      Defendants. | |

_____

APPEARANCES:        DEWEY P. SLOAN, JR., ESQ.
                               Attorney for Plaintiff
                               14 First Avenue SW
                               P.O. Box 501
                               Le Mars, Iowa   51031-0501

                               RICHARD L. BAUMGARTEN, ESQ.
                               Attorney for Plaintiff
                               Box 242
                               Buffalo, New York   14201

                               FELDMAN, KIEFFER & HERMAN, LLP
                               Attorneys for Defendants J.C. Penney's,
                                  Goodwin & Meerboth
                               MICHELE K. SNYDER, of Counsel
                               110 Pearl Street, Suite 400
                               Buffalo, New York   14202

                               FREDERICK A. WOLF
                               ERIE COUNTY ATTORNEY
                               Attorney for Defendant Piel
                               KRISTIN KLEIN WHEATON,
                                  Assistant County Attorney, of Counsel
                               69 Delaware Avenue, Suite 300
                               Buffalo, New York   14202

     In this § 1983 action, Plaintiff moved, on October 15, 2004, for recusal pursuant

to 28 U.S.C. §§ 144 and 455.  By Decision and Order, filed May 31, 2005 (Doc. No. 74)

("D&O), the court denied the motion and directed Plaintiff's attorneys to serve a copy of the D&O on Plaintiff and further directed such attorneys file with the court their affidavit or affirmation "confirming such service <u>within 10 days</u> of service of the D&O upon Plaintiff."  D&O at 41 (underlining in original).  According to the record, the Clerk of Court effected service of the D&O upon Plaintiff's attorneys on June 1, 2005.  Excluding, pursuant to Fed.R.Civ.P. 6(a) (excluding, as relevant, intermediate Saturdays and Sundays when the period within which an action is required in less than 11 days) such confirmation was to be filed not later than June 15, 2005.  An inspection of the docket for this case confirms that, as of June 16, 2005, no such affidavit or affirmation had been filed.  Indeed, as of the date of this Certification, neither of Plaintiff's attorneys, Richard L. Baumgarten and Dewey P. Sloan, Jr., have filed such affidavit or affirmation confirming service upon Plaintiff of the D&O as the court ordered.

On June 10, 2005 (Doc. No. 94), Mr. Baumgarten filed, on behalf of Plaintiff, a motion seeking an enlargement of time within which to file objections to the D&O pursuant to Fed.R.Civ.P. 72(a).[1]  However, absent a stay of execution granted by the court, an appeal of a decision and order of a magistrate judge does not stay the effect of, or obligation of a party to comply with, the order.  *American Rock Salt Company, LLC v. Norfolk Southern Corporation, et al.*, 2005 WL 1278456 *2 (W.D.N.Y. May 25, 2005 (Larimer, J.) (citing *Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb, Inc.*, 124 F.R.D. 75, 78-79 (S.D.N.Y. 1989) (filing objections to an order by a magistrate judge does not operate to automatically stay the magistrate judge's order)).

---

[1] By Order dated June 20, 2005, Plaintiff's motion was granted by Chief Judge Arcara.

In this case, according to the docket, no stay or request for a stay, of the D&O has been made by any party.[2]  Nor can it be disputed that the direction regarding the Plaintiff's attorney obligation to effect timely service of a copy of the D&O upon Plaintiff was not ordered by the court, see D&O at 42, or that more than 10 days have lapsed since the D&O was served by the Clerk of Court upon Plaintiff's attorneys.  Moreover, that Plaintiff's attorney, Richard L. Baumgarten, filed a motion to enlarge time for filing objections confirms Plaintiff's attorneys have actual receipt of the D&O.  Accordingly, the court finds that Plaintiff's attorneys knowingly and wilfully ignored a specific order of this court.

Based on the foregoing, the undersigned certifies to the District Judge, pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), that commencing on June 16, 2005, Richard L. Baumgarten, Esq. and Dewey P. Sloan, Jr., Esq. have, without excuse, wilfully and continuously refused and failed to comply with a specific and unambiguous order of the court and as such are and continue to be in contempt of this court warranting the sanction of civil contempt.  It is the further finding of the undersigned that such contempt should be punished by imposing a civil fine upon each attorney in the amount of $1,000 per day for each day, beginning with June 16, 2005, until such time as the directive of the D&O, as described above, is fully complied with by either Mr. Baumgarten or Mr. Sloan.

---

[2] No stay of the direction in the D&O to serve a copy of the D&O on Plaintiff was granted by Judge Arcara's order.

## CONCLUSION

Based on the foregoing, the District Judge should issue an order, pursuant to 28 U.S.C. 636(e)(6)(B)(iii), directing Richard L Baumgarten, Esq. and Dewy P. Sloan, Jr., Esq. to show cause why they should not be held in civil contempt of this court, in accordance with the foregoing, and punished by imposition of the fine as recommended by the undersigned.

SO CERTIFIED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: June 20, 2005
      Buffalo, New York