UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NAKIESHA JONES,

               Plaintiff,

    v.

J.C. PENNEY'S DEPARTMENT STORES, INC.,
NICHOLAS GOODWIN, PAUL MEERBOTH,
SCOTT PIEL and JANE DOE,

               Defendants.
_____

**DECISION
and
ORDER**

**03-CV-920A(F)**

APPEARANCES:        DEWEY P. SLOAN, JR., ESQ.
                              Attorney for Plaintiff
                              14 First Avenue SW
                              P.O. Box 501
                              Le Mars, Iowa   51031-0501

                              RICHARD L. BAUMGARTEN, ESQ.
                              Attorney for Plaintiff
                              Box 242
                              Buffalo, New York   14201

                              FELDMAN, KIEFFER & HERMAN, LLP
                              Attorneys for Defendants J.C. Penney's,
                                Goodwin & Meerboth
                              MICHELE K. SNYDER, of Counsel
                              110 Pearl Street, Suite 400
                              Buffalo, New York   14202

                              LAURENCE K. RUBIN
                              ERIE COUNTY ATTORNEY
                              Attorney for Defendants Piel and Doe
                              KRISTIN KLEIN WHEATON,
                                Assistant Erie County Attorney
                              69 Delaware Avenue, Suite 300
                              Buffalo, New York   14202


     By Decision and Order, filed May 31, 2005 (Doc. No. 75) ("the Sanctions

Decision and Order"), this court granted in part, and denied in part, Defendants'

motions for sanctions pursuant to Fed.R.Civ.P. 37 based, *inter alia,* on Plaintiff's attorneys, particularly Richard L. Baumgarten, violations of the court's prior discovery orders and Deposition Guidelines occurring during Plaintiff's deposition conducted on September 30, 2004.  Sanctions Decision and Order at 12-18; 19-27.  Additionally, by Decision and Order filed May 31, 2005 ("the Motion to Compel Decision and Order"), the court denied Plaintiff's motion to compel, and pursuant to Fed.R.Civ.P. 37(a)(4)(B), awarded Defendants their respective costs including attorneys' fees, incurred in opposing Plaintiff's motion (Doc. No. 78).

In lieu of the sanction of dismissal of the Complaint, which Defendants had sought, based on Plaintiff's failure to provide court-ordered documents and a videotape responsive to Defendants' earlier discovery requests, and, as this court found, Mr. Baumgarten's repeated, unexcused and wilful violations of this court's Deposition Guidelines governing the conduct of depositions for this case occurring during Plaintiff's deposition the court imposed, pursuant to Fed.R.Civ.P. 16(f), as sanctions Defendants' costs, including Defendants' attorneys fees, incurred in bringing Defendants' motions for sanctions and the taking of Plaintiff's deposition.  Sanctions Decision and Order at 17-18.  The court additionally recommended civil contempt findings pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) against Plaintiff's attorney, Mr. Baumgarten, based on his wilful and repeated violations, during Plaintiff's deposition, of the court's Deposition Guidelines.  *Id*. at 12-18.  Further, at Defendants' request, pursuant to Fed.R.Civ.P. 30(g)(1), the court awarded recovery by J.C. Penney Defendants from Mr. Baumgarten of their costs incurred as a result of Mr. Baumgarten's unexcused failure to depose Defendants Goodwin and Meerboth on September 30, 2004, the date scheduled for

their depositions. Sanctions Decision and Order at 18-19. Finally, although the court granted, as a sanction for Plaintiff's failure to provide the requested production of Plaintiff's defense attorney's file as previously ordered by the court, additional time for Defendants to conduct depositions of non-parties in order to reconstruct the record concerning the grounds for the dismissal of the underlying shoplifting charges against Plaintiff, no costs against Plaintiff for taking such depositions were awarded to Defendants. Sanctions Decision and Order at 26-27. Defendants were therefore directed to file their affidavits of costs as awarded by the court within 10 days of the Sanctions Decision and Order; Plaintiff's responses, if any, were to be filed within 10 days thereafter. Sanctions Decision and Order at 27.[1] Defendants' affidavits of costs related to Defendants' motions to compel, and J.C. Penney Defendants' motion for deposition costs, were filed June 10, 2005. Doc. Nos. 86-88.

On June 23 and 24, 2005, Plaintiff requested additional time to respond to Defendants' motions filed June 10, 2005 (Doc. Nos. 89 and 92) seeking reconsideration of this court's denial (Doc. No. 76) of Defendants' motions to amend the Scheduling Order enlarging the time for filing of dispositive motions. (Doc. Nos. 98 and 99). Specifically, Plaintiff's attorney, Mr. Baumgarten, represented that Plaintiff had had insufficient time to consider the court's prior Decisions and Orders and Certification

---

[1] Although the order stated, incorrectly, that Plaintiff's response was to be filed within 10 days after service of the Sanctions Decision and Order, the context of the order makes it reasonably clear that Plaintiff's response was to be filed within 10 days after service of Defendants' affidavits upon Plaintiff. According to the record such affidavits, Doc. Nos. 86, 87 and 88, were served upon Plaintiff's attorneys on June 10, 2005. Thus, Plaintiff's response to such affidavits was due not later than June 20, 2005. However, to date, Plaintiff has failed to file any response to Defendants' requests or to request additional time to file such response.

of Contempt, that as Judge Arcara had previously extended to July 25, 2005, the time for filing Plaintiff's objections to such Decision and Orders and although the court had directed Plaintiff's response to Defendants' motion for reconsideration be filed by June 23, 2005, this court should likewise extend the time to July 25, 2005 from June 23, 2005. However, Plaintiff does not represent that Judge Arcara had also stayed the effect of this court's Sanctions Decision and Order which specifically directed the filing of Defendants' affidavit of costs and Plaintiff's response thereto as stated above. Accordingly, the court's directions for filing affidavits in support of and in opposition to the award of costs remained in effect, and Plaintiff, as noted, has failed to provide timely opposition to Defendants' requests.

In the Motion to Compel Decision and Order, this court also denied Plaintiff's motion, filed December 15, 2004, to compel Defendants Goodwin's and Meerboth's deposition, production of a video surveillance tape by J.C. Penney Defendants, Defendant Goodwin's and Meeboth's employment personnel files, production of Defendant Piel's employment personnel file, and requesting an amendment of the Scheduling Order. Motion to Compel Decision and Order at 7-8. Because the court determined Plaintiff's motion was entirely meritless, untimely, or, as to the request for Piel's personnel file and those of Defendants Goodwin and Meerboth, as the requested production had been provided, moot, and that Plaintiff's motion was not otherwise substantially justified, Defendants were therefore awarded costs incurred in opposing Plaintiff's motion, including attorney's fees, pursuant to Fed.R.Civ.P. 37(a)(4)(B). As with Defendants' motions for sanctions, the court also directed Defendants' affidavits in support of the award of costs in opposing Plaintiff's motion be filed not later than 10

days after service of the Motion to Compel Decision and Order; Plaintiff's opposition affidavit was to be filed within 10 days after service of Defendants' supporting affidavits. *Id.* Again, as with the court's award of Defendants' costs based on the Sanctions Decision and Order, Defendants timely filed their supporting affidavits on June 10, 2005 (Doc. Nos. 87 (Defendant Piel) and 88 (J.C. Penney Defendants)); however, to date no opposition was filed by Plaintiff, nor has Plaintiff requested an enlargement of time to do so. The court therefore considers Defendants' requests for costs.

(1) <u>Defendant Piel's Requests for Costs</u>.

According to the Affidavit of Kristin Klein Wheaton, dated June 10, 2005 (Doc. No. 87) the County of Erie, as Defendant Piel's employer, and Ms. Klein Wheaton, as an Assistant County Attorney, in accordance with the County's obligation under Section 18 of the New York Public Officers Law and a related resolution of the Erie County Legislature, expended $665 in attorney time for services performed by Ms. Klein Wheaton in successfully opposing Plaintiff's motion to compel. According to Ms. Klein Wheaton, as a journeyman attorney with 10 years of extensive litigation experience in federal and state courts, a billing rate based on Ms. Klein Wheaton's salary is $175 per hour. The court finds this rate reasonable in the Buffalo area legal services market for a litigating attorney with similar experience in the private law practice sector. Moreover, the amount of time claimed, 3.8 hours, according to Mr. Klein Wheaton's contemporaneously maintained time records, Klein Wheaton Affidavit ¶ 8, incurred in opposing Plaintiff's motion, is modest in light of the nature of the motion. As noted, Plaintiff failed to file any opposition. Accordingly, Defendant Piel's, *i.e.,* the County of

Erie's, request in the amount of $665 is approved.

Turning to Defendant Piel's (Erie County's) request for reimbursement of costs in the amount of $2,207.75 incurred in seeking dismissal and sanctions against Plaintiff and Mr. Baumgarten, Klein Wheaton Affidavit, Doc. No. 86, ¶ ¶ 9-11, such request is also approved. First, the court finds that the attorney time claimed in preparation of Defendant Piel's motion for sanctions, 9.2 hours, to be fair and reasonable. While the Defendant's primary sanction request for dismissal of the Complaint was not granted, the court did grant additional time for Defendant Piel to conduct further discovery in the nature of possible reconstruction of the actual grounds for dismissal of Plaintiff's shoplifting charge because of Plaintiff's delayed and misleading responses to Defendants' document requests, and issued a contempt finding and certification to the District Judge arising from Plaintiff's attorney's wilful violations of this court's applicable Deposition Guidelines during Plaintiff's deposition. Thus, there was more than a colorable basis for Defendants' motions and the various discovery issues raised by Plaintiff's multiple failures to comply with the court discovery directives which amply justify the modest number of lawyer hours spent on the motion. Again, as noted, Plaintiff has failed to oppose the request. Accordingly, Plaintiff shall reimburse Defendant Piel *(i.e.,* Erie County) in the amount of $2,207.75 as costs in prosecuting Defendant's motion for sanctions. As discussed, *supra*, the court again finds Ms. Klein Wheaton's asserted hourly rate of $175 to be reasonable in the local market for legal litigation services.

Defendant Piel (Erie County) also seeks reimbursement of costs in conducting Plaintiff's deposition for five hours of lawyer time or $875 based on Ms. Klein

Wheaton's billing rate.  However, as Ms. Snyder requested 4.8 hours for attending and taking Plaintiff's deposition, the court will, in the interest of consistency, use the lesser amount, 4.8 hours, for calculating Defendant Piel's costs requests.  Accordingly, Defendant Piel (Erie County) is awarded $840 on this request.[2]  The court also finds Defendant Piel's (Erie County) request for $597.75, representing Defendant Peil's share of the cost of obtaining a copy of the transcript of Plaintiff's deposition is reasonable.  Accordingly, Defendant Piel (Erie County) is awarded a total of $1,437.75.

In sum, as to the award of costs against Plaintiff and to be paid to Defendant Piel *(i.e.,* the County of Erie) the court awards a total of $4,310.50.  In accordance with the further finding of the court, pursuant to Fed.R.Civ.P. 37(a)(4)(C), that such costs were incurred solely as a result of the conduct of Plaintiff's attorney, Richard L. Baumgarten, Mr. Baumgarten shall make such payment to the County of Erie.  The court finds both Plaintiff and Mr. Baumgarten had notice of their opportunity to be heard on such allocation of costs but, for reasons not disclosed to the court, they have waived their opportunity to do so.

(2)   J.C. Penney Defendants' Requests for Costs.

According to the J.C. Penney Defendants, their costs incurred in connection with the filing and prosecution of their motion to dismiss and sanctions totaled $2,620 (an amount somewhat greater than the $2,207.75 awarded to Defendant Piel on his motion for sanctions). Affidavit of Michele K. Snyder, Esq., dated June 10, 2005 (Doc. No. 88)

---

[2] The court notes Ms. Klein Wheaton did not assert a request for preparation time, as did Ms. Snyder in conjunction with J.C. Penney Defendants' request.

("Snyder Affidavit"). Such amount includes a total of 17.7 hours at a billing rate of $130. The total amount also includes 5.8 hours by Ms. Snyder's paralegal for assistance in preparation of the motion charged at a rate of $55 per hour or $319. Given that Ms. Snyder is a journeyman attorney with 17 years of experience, greater than Ms. Klein Wheaton, it is evident to the court that Snyder's $130 per hour billing rate for the instant case constitutes a negotiated rate (*i.e.*, one significantly discounted) with J.C. Penney, or its insurer.[3] The court also finds an hourly rate of $55 for a litigation paralegal is reasonable in this market, and the amount of time, 5.8 hours, devoted to Defendants' motion to dismiss in also reasonable given the multiplicity of issues raised by Defendants' sanctions motions.[4] As noted, Plaintiff failed to timely oppose this request. Accordingly, J.C. Penney Defendants' request for reimbursement of its costs in connection with its motion to dismiss and sanctions is approved and, pursuant to Fed.R.Civ.P. 37(a)(4)(C), Mr. Baumgarten, having sole responsibility for the necessity for Defendants' motions and these resulting sanctions <u>shall pay to the J.C. Penney Defendants the amount of $2,620</u>.

J.C. Penney Defendants also seeks reimbursement of their attorneys fees incurred in connection with the conduct of Plaintiff's deposition in the total amount of $1,118. Based on its consideration of J.C. Penney Defendants' costs in connection

---

[3] As discussed in regard to setting a reasonable hourly rate for Ms. Klein Wheaton's services as a attorney with 10 years of litigation experience, Ms. Snyder's rate of $130 is extremely low comparatively speaking and thus entirely reasonable for this legal market and as such does not affect the court's determination as to the reasonableness of Ms. Klein Wheaton's rate.

[4] The difference between the amounts sought by Defendant Piel based on Ms. Klein Wheaton's time, 3.8 hours, and that sought by J.C. Penney Defendants based upon Ms. Snyder's time, 5.8 hours is not inconsistent as it appears from the papers, is that the J.C. Penney Defendants took the "lead oar," in bringing the motions.

with Defendants' motion to dismiss, the court finds both the amount of time expended, including 3.8 hours for preparation and 4.8 hours for the actual conduct by Ms. Snyder of Plaintiff's deposition, is fair and reasonable regardless of the fact that Ms. Klein Wheaton did not similarly request preparation time reimbursement for Defendant Piel. Additionally, Defendants' even split of the cost of recording and transcribing Plaintiff's deposition, $597.50 each for Defendant Piel and J.C. Penney Defendants, is also fair and reasonable. Accordingly, Plaintiff's attorney, Mr. Baumgarten shall also pay to J.C. Penney Defendants the amount of $1,715.50 as reimbursement of their costs incurred in conducting Plaintiff's deposition.

Further, as directed by the court in its Decision and Order, (Doc. No. 75), J.C. Penney Defendants seek, as a further sanction approved by the court, their costs attributable to Plaintiff's failure to depose Defendants Goodwin and Meerboth. According to J.C. Penney Defendants, such costs include Ms. Snyder's time for 5.9 hours of work at her $130 per hour billing rate for a total of $767. Snyder Affidavit at 4-5. Plaintiff has, as previously noted, failed to timely oppose the request. Finding the request reasonable, Plaintiff's attorney, Richard L. Baumgarten, Esq., is ordered to pay $767 to J.C. Penney Defendants as a sanction based on his responsibility for his unexcused failure to conduct the depositions of Defendants Goodwin and Meerboth as directed by the court, and the resulting waste of lawyer preparation time caused by such failure.

Finally, J.C. Penney Defendants seek costs incurred in opposing Plaintiff's motion to compel. Snyder Affidavit at 5-6. Specifically, J.C. Penney Defendants request reimbursement in the amount of $1,158, representing 8.8 hours of work by Ms.

Snyder at her $130 billing rate.  *Id.*  Based on its review of the Decision and Order (Doc. No. 78) denying in part, and dismissing in part as moot, Plaintiff's motion to compel, which was not substantially justified, the court finds the request, unopposed by Plaintiff, is reasonable.  Additionally, as Richard L. Baumgarten, Plaintiff's attorney when Plaintiff's motion was filed, has failed to oppose the request, such costs are awarded against him, as a sanction pursuant to Fed.R.Civ.P. 37(a)(4)(C), and therefore <u>$1,158, shall be paid by Mr. Baumgarten to the J.C. Penney Defendants</u>.

In sum, Plaintiff's attorney, Richard L. Baumgarten, shall pay to the County of Erie for costs as sanctions awarded against Plaintiff incurred by the County of Erie pursuant to state law, in the defense of Defendant Piel, the <u>total amount of $4,310.50</u>. Further, Mr. Baumgarten shall pay to J.C. Penney Defendants its costs incurred on behalf of itself and Defendants Goodwin and Meerboth, its employees, as sanctions in the <u>total amount of $6,260.50</u>.

The Clerk shall serve a copy of this Decision and Order on Plaintiff was well as counsel of record.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
    LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: March 30, 2006
       Buffalo, New York