UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NAKIESHA JONES,                                               **DECISION**
                Plaintiff,                              **and**
     v.                                                    **ORDER**

J.C. PENNEY'S DEPARTMENT STORES, INC.,    03-CV-920A(F)
NICHOLAS GOODWIN, PAUL MEERBOTH,
SCOTT PIEL and JANE DOE,

                Defendants.
_____

APPEARANCES:         DEWEY P. SLOAN, JR., ESQ.
                                Attorney for Plaintiff
                                14 First Avenue SW
                                P.O. Box 501
                                Le Mars, Iowa   51031-0501

                                RICHARD L. BAUMGARTEN, ESQ.
                                Attorney for Plaintiff
                                Box 242
                                Buffalo, New York    14201

                                FELDMAN, KIEFFER & HERMAN, LLP
                                Attorneys for Defendants J.C. Penney's,
                                   Goodwin & Meerboth
                                MICHELE K. SNYDER, of Counsel
                                110 Pearl Street, Suite 400
                                Buffalo, New York    14202

                                LAURENCE K. RUBIN
                                ERIE COUNTY ATTORNEY
                                Attorney for Defendants Piel and Doe
                                KRISTIN KLEIN WHEATON,
                                  Assistant Erie County Attorney
                                69 Delaware Avenue, Suite 300
                                Buffalo, New York    14202

     Based on Defendants' arguments, Defendants' motions for reconsideration (Doc.

Nos. 89, 92) of this court's Decision and Order, filed May 31, 2005 denying Defendants'

motions to amend (Doc. No. 76) are GRANTED.

At their core, Defendants' arguments proceed on the fact that during a scheduled settlement conference conducted with the court on December 8, 2004, at which Plaintiff failed to attend, Defendants informed the court that Defendants' motions for sanctions, including requests for dismissal of Plaintiff's action, had been filed on November 3 and 4, 2004 (Doc. Nos. 40 and 41), and if granted, would, therefore, obviate any need to file Defendants' expected summary judgment motions by the December 31, 2004 as established by the Scheduling Order in this case.  Further, at the conference, according to Defendants in response to Defendants' request for guidance, the court suggested Defendants file a motion to amend the Scheduling Order based on the pendency of Defendants' sanctions motions.  Defendants state that they relied on this suggestion by promptly filing the motion to amend forgoing filing summary judgment motions by the December 31, 2004 deadline.

Defendants agree that in support of the motions to amend, they failed to mention the discussion with the court at the December 8, 2004 settlement conference as to how to avoid moving for summary judgment while their sanctions motions were awaiting decision.  Defendants explain in support of reconsideration that this omission was deliberate because Plaintiff had then recently complained about prior alleged improper *ex parte* communications between Defendants' attorneys and the court.  Defendants' apprehensions in this regard were not without foundation as, on February 22, 2005, Plaintiff filed a judicial misconduct complaint against the undersigned, based on such *ex*

*parte* communications.¹

Thus, while it is true that in seeking reconsideration, Defendants rely on a fact, *i.e.*, the court's suggestion at the settlement conference that Defendants file a motion to amend the Scheduling Order, that was not presented on Defendants' motion to amend the Scheduling Order, nevertheless, the court acknowledges that when it considered Defendants' motion to amend it had not recalled the discussion (not mentioned by Defendants in support of their motion to amend) with Defendants' attorneys relating to a possible enlargement of the time period for filing summary judgment motions should Defendants' pending motions for sanctions, including dismissal of the action, not be acted upon prior to the December 31st deadline.  While the court remains unable to recall specifically the apparently brief discussion upon which Defendants rely, the court will credit Defendants' representations as being accurate and made in good faith by officers of this court.

Although, as a general rule, reconsideration should not be granted where the moving party failed to bring to the court's attention facts upon which such party seeks reconsideration, *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), nevertheless, under the particular circumstances presented the court finds that it would be manifestly unjust if the court were to ignore the effect the court's suggestion may well have had on Defendants' attorneys decision to forgo filing summary judgment motions by the December 31, 2004 deadline.  *See Griffin v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y. 1999) (citing cases) (reconsideration proper to prevent

---

¹ The complaint was rejected by Chief Judge Walker on December 2, 2005.

manifest injustice). Therefore, contrary to the court's earlier statement, it cannot fairly be said that Defendants acted unreasonably in seeking amendment of the Scheduling Order without also filing a potentially unnecessary motion for summary judgment by the December 31, 2004 deadline. Moreover, Plaintiff offers no showing of prejudice as to the extent Plaintiff has grounds to oppose Defendants' expected motions for summary judgment, and such grounds may be presented in opposition to the motions regardless of the lapse of time.[2]

Additionally, the court finds merit in Defendants' contentions that they may also have reasonably expected the court would more promptly decide their sanctions motions prior to the December 31, 2004 deadline. Specifically, although the court in its Decision and Order denying Defendants' motions stated that Defendants should have taken into account that Plaintiff's recusal motion, filed October 15, 2004, remained pending as of the date of the December 8, 2004 settlement conference, and that pursuant to 28 U.S.C. § 144 ("§ 144"), the court should have refrained from acting upon pending matters in the case until Plaintiff's motion for recusal was decided, the court nevertheless had, as Defendants noted in support of reconsideration, denied Plaintiff's request to conduct a deposition of Defendants Goodwin and Meerboth, Order dated November 18, 2004 (Doc. No. 45), and, as noted, conducted the settlement conference

---

[2] Plaintiff failed to respond to Defendants' motions despite repeated extensions of time to do so. On June 16, 2005, the court granted Plaintiff's request to enlarge the time to file opposition to June 29, 2005 (Doc. No. 95) and on October 14, 2005, the court granted Plaintiff's further request to extend the time for filing until October 21, 2005 (Doc. No. 133). On October 21, 2005, Plaintiff again moved to enlarge the time to respond to November 11, 2005 based on Mr. Baumgarten's representation that he had been relieved by Plaintiff as counsel of record as of October 20, 2005 and that new counsel would soon appear in the action (Doc. No. 135 ¶ 3) (Doc. No. 135). The court did not act on this motion; by order contemporaneously entered herewith the motion has been dismissed as moot. To date, no motion to withdraw by Mr. Baumgarten pursuant to Local Rule 83.2(c) has been filed, new counsel has not appeared, nor has Plaintiff requested leave to file any opposition to Plaintiff's motion.

with Defendants on December 8, 2004. Although Plaintiff never objected to conducting the settlement conference based on § 144, nor has Plaintiff ever taken such a position,[3] in retrospect, the court should have deferred any further judicial action in this matter, in keeping with the requirement of § 144, until after Plaintiff's recusal motion was completely resolved. While Plaintiff's attorney failed to attend the conference despite being on notice of the conference, it would nevertheless have been prudent to have declined to discuss the question raised by Defendants as to filing dispositive motions at the settlement conference.

## CONCLUSION

Based on the foregoing, Defendants' motions for reconsideration (Doc. Nos. 89 and 92) are GRANTED; Defendants' motions to amend (Doc. Nos. 46 and 47) are GRANTED. Defendants shall have until **May 17, 2006** to file any dispositive motions.

The Clerk shall serve a copy of this Decision and Order on Plaintiff was well as counsel of record.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: March 30, 2006
   Buffalo, New York

---

[3] Following the settlement conference Plaintiff's attorney, alleging a scheduling oversight, submitted a written apology to the court for his failure to appear at the conference.