UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NAKIESHA JONES,

                Plaintiff,

    v.

J.C. PENNEY'S DEPARTMENT STORES, INC.,
NICHOLAS GOODWIN, PAUL MEERBOTH,
SCOTT PIEL and JANE DOE,

                Defendants.

**DECISION**
**and**
**ORDER**

**03-CV-920A(F)**

APPEARANCES:      DEWEY P. SLOAN, JR., ESQ.
                           Attorney for Plaintiff
                           14 First Avenue SW
                           P.O. Box 501
                           Le Mars, Iowa   51031-0501

                           RICHARD L. BAUMGARTEN, ESQ.
                           Attorney for Plaintiff
                           Box 242
                           Buffalo, New York    14201

                           FELDMAN, KIEFFER & HERMAN, LLP
                           Attorneys for Defendants J.C. Penney's,
                              Goodwin & Meerboth
                           MICHELE K. SNYDER, of Counsel
                           110 Pearl Street, Suite 400
                           Buffalo, New York    14202

                           LAURENCE K. RUBIN
                           ERIE COUNTY ATTORNEY
                           Attorney for Defendants Piel and Doe
                           KRISTIN KLEIN WHEATON,
                             Assistant Erie County Attorney
                           69 Delaware Avenue, Suite 300
                           Buffalo, New York    14202

**JURISDICTION**

This case was referred to the undersigned for all pretrial matters pursuant to 28

U.S.C. § 636(b)(1)(A) and (B) by order of Hon. Richard J. Arcara dated December 19, 2003 (Doc. No. 4). It is presently before the court on Plaintiff's motions, filed July 25, 2005 (Doc. No. 102) and July 27, 2005 (Doc. No. 113)[1] for reconsideration of this court's Decision and Order filed May 31, 2005 (Doc. No. 75) granting in part, and dismissing in part, Defendants' motions to dismiss as a sanction and awarding attorneys fees ("Decision and Order").

## BACKGROUND and FACTS[2]

In this civil rights action, arising out of an encounter between Plaintiff and Defendants Goodwin, Meerboth and Piel at a local J.C. Penney's store and shoplifting charges filed against Plaintiff, was commenced in New York Supreme Court, Erie County, on July 9, 2003, and removed to this court. On November 3, 2004, Defendants Goodwin, Meerboth and J.C. Penney filed a motion seeking sanctions specifically, dismissal of the Complaint, based on Plaintiff's failure to provide discovery as directed by the court particularly documents in Plaintiff's defense attorney's file relating to the disposition of the shoplifting charges against Plaintiff in a local town court, and violations of the court's deposition guidelines by Plaintiff's attorney during Plaintiff's oral deposition (Doc. No. 40). A similar motion was filed on November 4, 2005 by Defendant Piel who, as an Erie County Deputy Sheriff, is represented by the Erie County Attorney (Doc. No. 41). On May 31, 2005, the court granted in part and denied

---

[1] Doc. No. 113 is identical to Doc. No. 102, except that Doc. No. 113 attaches Exhibits A - G.

[2] Taken from the pleadings and papers filed in connection with the instant motion.

Case 1:03-cv-00920-RJA-LGF   Document 138   Filed 03/30/06   Page 3 of 13

in part Defendants' motions, allowed Defendants additional discovery in order to reconstruct the town court proceedings, if necessary, and awarded attorneys fees. Decision and Order at 12-26.  Defendant J.C. Penney also sought monetary sanctions based on Plaintiff's failure to conduct the depositions of Defendants Goodwin and Meerboth as ordered by the court which the court granted.  Plaintiff failed to file timely opposition to Defendants' motions and Plaintiff's requests for enlargement of time to file were denied by Decision and Order filed May 31, 2005 (Doc. No. 77).  On July 27, 2005, Plaintiff filed a second motion for reconsideration of the Decision and Order together with the Affirmation of Richard L. Baumgarten, Esq. dated July 25, 2005 attaching Exhibits A - E.

As more fully discussed in the Decision and Order, the court found that Mr. Baumgarten, Plaintiff's attorney, repeatedly failed to provide the requested documents from the file of Plaintiff's defense attorney despite oral direction from the court to do so, entered on the record during oral argument of Defendants' motions to compel which was conducted on September 20, 2004 (Doc. No. 25).  Additionally, the court found Mr. Baumgarten's assertions that Mr. Murray's refusal to provide such documents without a written order of the court to be groundless, and Mr. Baumgarten's later representations that Mr. Murray did not possess the documents to be confusing, inconsistent and misleading.  The court also rejected Mr. Baumgarten's suggestion, made during Plaintiff's deposition, that the court did not "so order" its Deposition Guidelines to be groundless.

Defendants opposed the instant motion by filing on August 10, 2005, the Affidavit of Michele K. Snyder, Esq. in Opposition to Plaintiff's Motion for Reconsideration (Doc.

No. 117) ("Snyder Affidavit") and the Declaration of Kristen Klein Wheaton, Assistant Erie County Attorney (Doc. No. 118) ("Klein Wheaton Declaration").

On August 19, 2005, Plaintiff filed a motion seeking an extension of time through August 27, 2005 within which to file a reply in support of the motion for reconsideration along with the Affirmation of Richard L. Baumgarten, Esq., in Support of the Motion (Doc. No. 126); on August 24, 2005, Plaintiff filed another motion seeking permission to file such reply by August 24, 2005 based on the Affirmation of Richard L. Baumgarten, Esq. dated August 23, 2005 (Doc. No. 129). Before the court could rule on Plaintiff's motions, Plaintiff filed, on August 24, 2005, the Reply Affirmation of Richard L. Baumgarten, Esq., dated August 27, 2005 (Doc. No. 130) in reply to Defendants' Opposition papers thus rendering Plaintiff's requested extension to file moot; on August 26, 2005, Plaintiff also filed, without permission, the Amended Reply Affirmation of Richard L. Baumgarten, Esq., dated August 25, 2005 (Doc. No. 132) along with Exhibits A - D. The court has considered both of Mr. Baumgarten's affirmations. Based on the following, Plaintiff' motions (Doc. Nos. 102 and 113) are DENIED.

## DISCUSSION

Summarizing Plaintiff's contentions in support of reconsideration include first, that based upon a review of relevant documents and an affidavit of Glenn E. Murray, Esq., Plaintiff's former defense attorney on Plaintiff's shoplifting charges, dated July 18, 2005, Exhibit D to Plaintiff's motions, the dismissal of Plaintiff's shoplifting charges did not include a condition that Plaintiff forgo a civil action against Defendants, Baumgarten Affirmation ¶ ¶ 4, 8-9 and that, accordingly, Defendants could not have been prejudiced

by Plaintiff's failure to provide those requested documents from Mr. Murray's file as Defendants could not seek dismissal of Plaintiff's action on this basis. *Id.* ¶ ¶ 10, 17. Second, Plaintiff argues that Mr. Baumgarten's failure to advise Mr. Murray of the court's oral direction, on September 20, 2004, to comply with Defendants' requests for his file because of Mr. Baumgarten erroneous belief, based on Mr. Baumgarten's reliance on state law, that such oral judicial orders need not be complied with under applicable federal law, was "not wholly frivolous," and "neither obstructive nor willful," and therefore provided no basis for the court's grant of sanctions. Baumgarten Declaration ¶ 19. Third, Mr. Baumgarten asserts that his failure to comply with the court's Deposition Guidelines resulted from overwork and sleep deprivation caused in turn by preparation for an unanticipated trial. Baumgarten Affirmation ¶ ¶ 22-25. Mr. Baumgarten further seeks to excuse his "surliness, confrontation and occasional lapses of focus and concentration," *id.* ¶ 36, during Plaintiff's deposition including his erroneous assertion of a "social security privilege" based on "a vague recollection," *id.* ¶ 29, to have been the result of litigation pressures. *Id.* ¶ 36. Plaintiff also claims the information requested by Defendants at Plaintiff's deposition was previously provided by Plaintiff in an affidavit, Plaintiff's Exhibit G, dated December 3, 2004. *Id.* ¶ 31. Fourth, Plaintiff argues that she was unable to comply with Defendants' demand for a copy of a surveillance video tape in Plaintiff's possession until a date after Defendants' demand was served as Defendants had not provided Plaintiff a copy of the original, allegedly "unedited" and "uncut," tape prior to that time. Baumgarten Declaration ¶ 46. Finally, Plaintiff asserts that Mr. Baumgarten's failure to conduct the scheduled depositions of Defendants Goodwin and Meerboth was caused by his lack of

"assistance and support staff," the fact that Mr. Sloan was not formally admitted *pro hac vice* until October 8, 2004 when his admission fee was paid to the Clerk of Court, approximately one week after the depositions were to be conducted on September 30, 2004, and that Mr. Baumgarten was "never meant to undertake the responsibilities of [conducting] depositions," rather, "it simply worked out that way." Baumgarten Declaration ¶ 38.

In opposing Plaintiff's motion, Defendants J.C. Penney, Goodwin and Meerboth ("J.C. Penney Defendants") point to various factual and legal misstatements relied upon by Plaintiff. Particularly, J.C. Penny Defendants point out that Mr. Baumgarten admittedly failed to comply with the court's direction to complete depositions, including those of Defendants Goodwin and Meerboth, as had been scheduled, not later than September 30, 2004. Snyder Affidavit ¶ 5.

Regarding the Plaintiff's failure to produce, as ordered by the court, her defense attorney's files, J.C. Penney Defendants point out that Mr. Baumgarten admittedly failed, contrary to his representation to the court in opposing Defendants' motions to compel, to inquire whether Mr. Murray had retained possession of the file, Snyder Affidavit ¶ ¶ 6, 16, erroneously accused the court of presuming the file would demonstrate support for Defendants' defense that the town court's dismissal of the shoplifting charge supported Plaintiff's malicious prosecution claim, *id.* ¶ 10, and that Mr. Baumgarten's opinion that the town court's record supported Plaintiff's claim begged the question whether the reason for the town court's interest of justice dismissal of the criminal charge is a legally sufficient prerequisite to Plaintiff's claim in this action. Snyder Affidavit ¶ ¶ 12, 13-15. In sum, according to J.C. Penney Defendants, in

seeking reconsideration and thus relief from the sanctions imposed by the Decision and Order, Mr. Baumgarten now claims nearly a year later that the requested documents (which have as of the present <u>not</u> been turned over to Defendants in accordance with the court's September 20, 2004 directive) would not vitiate Plaintiff's claims.  Snyder Affidavit ¶ 16.

As to Plaintiff's contentions that sanctions are unwarranted based on her failure to comply with court directives to turn over any surveillance tapes of Plaintiff while shopping at the Defendant J.C. Penney's store, because of J.C. Penney's failure to timely produce the original copy of the video tape, J.C. Penney Defendants emphasize that Plaintiff never timely moved to compel such original copy, and that the original copy had been made available to Plaintiff for inspection and copying at Plaintiff's expense but that Plaintiff failed to proceed to make such arrangements.  Snyder Affidavit ¶ ¶ 26-29.

J.C. Penney Defendants also contend that Mr. Baumgarten's excuses for violation of the court's Deposition Guidelines, *i.e.*, that Mr. Baumgarten was unprepared to conduct Plaintiff's deposition, Baumgarten Declaration ¶ ¶ 25-26, that Defendants had subsequently received the answers to questions to which Baumgarten had improperly directed Plaintiff not to answer at the deposition, *id.* ¶ 31, and that such responses had not been directed pursuant to a specific order of the court, *id.* ¶ 35, ignored the fact that the court's proposed contempt sanctions certified to Chief Judge Arcara, arose not from Plaintiff's refusal to give answers at the deposition, but upon Mr. Baumgarten's repeated and unexcused violations of the court's Deposition Guidelines that had been "So Ordered" as part of the Scheduling Order.  Snyder Affidavit ¶ 23.

Further, J.C. Penney Defendants argue that Mr. Baumgarten's reassertion of his alleged chronic problems of being overwhelmed by a heavy practice schedule as an excuse for his numerous discovery failures should be again rejected as merely repetitive of identical arguments previously advanced by Mr. Baumgarten and rejected by the court.  Snyder Affidavits ¶ 24.  Finally, J.C. Penney Defendants reiterate that Mr. Baumgarten's refusal to conduct the depositions of Defendants Goodwin and Meerboth as scheduled because of Defendant Piel's unavailability was lacking in reasonable cause.  Snyder Affidavit ¶ 25.

Defendant Piel similarly opposes Plaintiff's motion contending that whether Defendants chose to depose the town court justice, information received from the prosecutor contradicts the recollection of Plaintiff's defense attorney who claims the dismissal of Plaintiff's criminal case was on the merits.  Klein Wheaton Declaration ¶ 8.  According to Ms. Klein Wheaton, the town court records, as well as the prosecutor's recollection of the relevant events, confirms that the dismissal was in the interest of justice, contrary to Plaintiff's request that the dismissal be on the merits.  *Id.* ¶ 9.[3]  Defendant Piel therefore contends that Plaintiff's argument for reconsideration, that the court's order compelling disclosure of the defense attorney's file was based on an erroneous assumption that the town court records support Defendants' defense is irrelevant.  *Id.* ¶ 10.  Finally, Defendant Piel argues that Mr. Baumgarten, who initially appeared in the action as counsel of record without the limitations in the scope of his representation Mr. Baumgarten now asserts, for the first time, existed, had an obligation

---

[3] The record does not include any affidavit or deposition testimony by the prosecutor to support Defendants' characterization of his recollection.

to familiarize himself with the pretrial procedures and requirements of the court, including the undersigned's Deposition Guidelines.  *Id.* ¶ 12.

As noted, Plaintiff filed on August 24, 2005 and August 26, 2005, the Reply Affirmation of Richard L. Baumgarten, Esq. (Doc. No. 130) and the Amended Reply Affirmation of Richard L. Baumgarten, Esq. (Doc. No. 132), respectively.  In these apparently identical documents, Mr. Baumgarten attempts to justify his litigation strategy in this case and thus avoid sanctions employing several themes.  First, Mr. Baumgarten laboriously asserts that Plaintiff's case is meritorious and that Defendants' unsuccessful efforts to obtain through discovery Plaintiff's defense attorney's file as a possible basis to dismiss Plaintiff's case were unnecessary as either the file, prior to the court's order to produce, and contrary to Mr. Baumgarten's own earlier representation to Defendants and this court, was unavailable or the town court records negate the basis of Defendants' defense that Plaintiff cannot establish as a prerequisite to her malicious prosecution claim that Plaintiff's shoplifting charge was dismissed for reasons consistent only with her innocence.  Baumgarten Reply Declaration ¶ ¶ 15-17; ¶ ¶ 23-24.

Second, Mr. Baumgarten contends that he belatedly sought to obtain the assistance of Mr. Dewey Sloan, an out-of-town attorney, when Mr. Murray advised Mr. Baumgarten he was no longer acting as lead counsel and Mr. Baumgarten realized that his own lack of experience and crowded schedule required that he "bring on board trial counsel who was qualified to handle" the matter.  Baumgarten Reply Affirmation ¶ 32. According to Mr. Baumgarten, because the September 30, 2004 discovery cut-off established by the court's Scheduling Order did not allow Mr. Sloan, whose

representation of Plaintiff was first revealed, during oral argument on Defendants' motions to compel, to the court on September 20, 2004, sufficient time to appear and commence prosecuting Plaintiff's case, the court should have amended the Scheduling Order to allow for Mr. Sloan's belated entry in the case and its failure to do so "placed the entire depositional burden on [Mr. Baumgarten], which burden included a <u>fundamental</u> <u>lack</u> <u>of</u> <u>essential</u> <u>civil</u> <u>trial</u> <u>and</u> <u>depositional</u> <u>experience</u>."  Baumgarten Reply Affirmation ¶ 40 (underlining added).

Third, Mr. Baumgarten repeats an earlier complaint of judicial misconduct by the court, filed with the Second Circuit Judicial Council, and since rejected by Chief Judge Walker, that the court's unwillingness to reschedule Plaintiff's deposition discriminated against Mr. Baumgarten based on his religion, Baumgarten Reply Affirmation ¶ ¶ 42-45, and that the sanctions imposed for Mr. Baumgarten's violations of the court's Deposition Guidelines during Plaintiff's deposition are too severe.  *Id.* ¶ 46.

Fourth, Mr. Baumgarten complains that the court's references in its Decision and Order denying Plaintiff's recusal motion, Doc. No. 74, to Mr. Baumgarten's published disciplinary history before the Appellate Division, Supreme Court, Fourth Department, was unnecessary, Baumgarten Reply Affirmation ¶ ¶ 48-52 and "unkind."  *Id.* ¶ 53. Fifth, Mr. Baumgarten asserts that neither he nor Mr. Sloan wilfully disobeyed the court's direction that Plaintiff's attorneys promptly serve a copy of the Decision and Order, Doc. No. 74, upon Plaintiff, *id.* ¶ ¶ 55-57, and that the court's sanctions fail to consider Mr. Baumgarten's ability to pay.  *Id.* ¶ ¶ 58-61.  Sixth, Mr. Baumgarten accuses the court of issuing its Decision and Order and granting sanctions, as "ad hominem and/or personal in nature."  Baumgarten Reply Affirmation ¶ 62.  Finally, Mr.

Baumgarten states that new "highly experienced" attorneys from New York City will "forthwith" file notices of appearances in the case, replacing Mr. Baumgarten who was later discharged as Plaintiff's counsel.  *Id.* ¶ ¶ 64, 66; Affirmation of Richard L. Baumgarten, Esq., filed October 21, 2005 (Doc. No. 135) ¶ 3.

### DISCUSSION

For a party to prevail on a motion for reconsideration, the party must (1) "present '[factual] matters or controlling decisions the court overlooked that might materially have influenced its earlier decision,'" *Griffin Industries, Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y. 1999) (internal citation omitted), or (2) the party "must demonstrate 'the need to correct a clear error or prevent manifest injustice.'" *Id.*  "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court."  *Id.* (citing *Monghan v. SZS 33 Associates, LP*, 153 F.R.D. 60, 65 (S.D.N.Y. 1994)).  Further, the motion is not a means for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).  Additionally, whether to grant or deny such motions is within the sound discretion of the court.  *Id.* (citing cases).  *See also Larouche v. Webster*, 975 F.Supp. 490, 492 (S.D.N.Y. 1996) (criteria for motions for reconsideration "strictly construed against moving party") (citing cases).

None of Plaintiff's contentions warrant reconsideration of the Decision and Order.  All of Plaintiff's points, as articulated by Mr. Baumgarten in his affirmations, could have been interposed, either in opposition to Defendants' motions to compel or in

opposition to Defendants' motions for sanctions, but were not.  As such, the court did not overlook any arguments which could have affected, in Plaintiff's favor, the court's rulings as stated in the Decision and Order.  Nor do any of Plaintiff's complaints about the court's responses to Mr. Baumgarten's repeated failures to comply with applicable rules and court orders show that a denial of reconsideration would amount to an injustice.  Indeed, the record demonstrates quite the opposite.  As such, Plaintiff's motion is without merit in all respects.

Plaintiff also challenges the court's certification of contempt.  Baumgarten Affirmation ¶ 9.  However, any objection to the certification should be presented to Chief Judge Arcara who, by law, is empowered to make the final decision upon the certifications.  Thus, the undersigned need not address Mr. Baumgarten's assertion that he was unaware of the fact that this court's order directing a copy of the court's Decision and Order denying Plaintiff's recusal motion be served upon Plaintiff was not stayed upon Plaintiff's filing her appeal under Fed.R.Civ.P. 72(a) of the court's Decision and Order denying Plaintiff's motion for recusal.  Lastly, Mr. Baumgarten's belated suggestion that the court's rulings against Plaintiff are motivated by a personal animus toward Mr. Baumgarten, Baumgarten Reply Affirmation ¶ 62, is equally baseless.  As the record plainly demonstrates, Mr. Baumgarten's (and Plaintiff's) difficulties in this case result from Mr. Baumgarten's peculiar litigation technique – if you lose on the merits, claim ignorance of the law, and when that gambit fails, attack the court!  Taken as a whole, the record in this case demonstrates a regrettable degree of incompetence by Mr. Baumgarten calling into question his fitness to practice before this court.

## CONCLUSION

Based on the foregoing, Plaintiff's motions for reconsideration (Doc. Nos. 102 and 113) are DENIED.

The Clerk shall serve a copy of this Decision and Order on Plaintiff was well as counsel of record.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
 LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: March 30, 2006
 Buffalo, New York